MOTION FOR LEAVE TO FILE DELAYED APPEAL. MEMORANDUM DECISION
Appellant has filed a motion for leave to file a delayed appeal, alleging that he was not notified of his right to appeal pursuant to Juv.R. 34(J) and that he has no knowledge of appellate rules. Appellant seeks leave to appeal his adjudication and commitment for carrying a concealed weapon.
The state has filed a memorandum contra, asserting that appellant has not complied with Juv.R. 40. Specifically, the state cites to Juv.R. 40(E)(3)(b), which states in part that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The state asserts that in the present case appellant was represented by counsel at trial, and that counsel failed to file objections to the decision of the magistrate as required under the above rule. The state maintains that the failure to object in a timely manner precludes appellant from seeking a delayed appeal to this court. We disagree.
While the state essentially treats the requirement for filing objections under Juv.R. 40 as jurisdictional, Juv.R. 40(E)(4)(a) further provides that "[t]he court may adopt the magistrate's decision if no written objections are filed unless itdetermines that there is an error of law or other defect on theface of the magistrate's decision." (Emphasis added.) Courts which have construed the analogous language of Civ.R. 53 have held that the failure to file objections to the magistrate's decision under Civ.R. 53(E)(3)(b) constitutes the waiver of the right to appellate review "of all but plain error." Federal PropertyManagement v. Brown (June 25, 1999), Montgomery App. No. 17424, unreported. The plain error doctrine has been "similarly * * * applied to Juv.R. 40(E)(3)(b)." In re Etter (June 12, 1998), Hamilton App. No. C-970510, unreported.
Thus, while the failure to file objections to the magistrate's decision may limit this court's ultimate review, the failure to file such objections is not a jurisdictional defect that precludes appeal. Having set forth reasons for the failure to perfect an appeal as of right, appellant's motion for leave to pursue a delayed appeal is sustained.
Motion for leave to file delayed appeal sustained.
PETREE and BRYANT, JJ., concur.
 OPINIONS AND DECISIONS